LLOYD R. WILLIAMS *vs.* ERNE CARPENTIER.

NOVEMBER 22, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence which was tried in the superior court by a justice thereof sitting without a jury. He rendered a decision in favor of the defendant and the plaintiff has duly prosecuted his bill of exceptions to this court. The only exception now relied on is to the decision itself.

In substance the plaintiff contends that the decision of the trial justice is contrary to the great weight of the evi-

dence, parts of which he is alleged to have overlooked or misconceived, and that he did not apply the correct rule of law to the facts before him. In the view we take of the matter it will not be necessary to discuss the evidence at length or to consider all the points raised by the plaintiff.

It appears from the evidence that the accident, by reason of the happening of which the plaintiff is now seeking to recover damages from the defendant, took place about 5 o'clock, p. m. on February 24, 1936 in the city of Woonsocket in this state. The plaintiff, who owned and was operating a large oil truck, was at the above-mentioned time proceeding southerly on Park avenue, near the junction of that highway with the Louisquisset Pike, so-called, in the outskirts of said city. The defendant's sedan, driven by his son, the defendant himself not being present, had at the time of the accident just turned toward the right from the Louisquisset Pike into Park avenue and was continuing in a northerly direction along that street. The two vehicles collided shortly after the defendant's car had made the turn, the left front part of his automobile coming in contact with the left rear portion of the plaintiff's truck, damaging it and injuring the plaintiff.

At some time not long before the happening of this accident, considerable snow had fallen. The streets in question, however, had been plowed out and at the time of the occurrence in question were reasonably clear. As a result of this plowing, a considerable bank of snow several feet in height had been thrown up on each side of Park avenue near its junction with the Louisquisset Pike. The bank on the east side of the avenue was apparently somewhat higher than that on the other side of the avenue. Normally the traveled portion of Park avenue was thirty-two feet wide between curbs, but this distance had been considerably lessened by reason of the presence of the said banks of snow. Also, near the center of that highway, there was a cartrack, and at

the east corner of the junction of the two streets there was a gasoline station, having a driveway opening into Park avenue not far from the said corner, which driveway had been cleared of snow. At the place where the accident happened the view was unobstructed in all directions.

The evidence as to the relative speeds of the two vehicles; the manner in which they were being operated; the position on the highway of the defendant's automobile after the accident; the position of said automobile and of the truck on Park avenue just before the accident; the location of the truck in relation to the cartrack; the measurements of certain distances and the width of Park avenue available for travel between the two snowbanks, was more or less in conflict. Each party drew inferences and deductions from this conflicting evidence.

In giving his decision, the trial justice made certain findings of fact which are attacked by the plaintiff. In view of our ultimate disposition of this case on a question of law, we are not concerned with and do not pass upon the correctness of such findings. They included, among others, findings that it was eighteen feet across Park avenue from one snowbank to the other; that the right-hand side of plaintiff's truck was not more than two feet from the snowbank on the west side of Park avenue; that the rear of the truck at its widest part was eighty-nine inches across; that that part of said truck and its left rear wheels were slightly to the left of the center of the traveled way of Park avenue between the snowbanks in the direction in which the truck was proceeding; and that the plaintiff had room to swing to his right before the accident happened. From the above measurements and distances, the trial justice arrived at the conclusion that, at the time and place of the accident, the rear portion of the plaintiff's truck was about five inches across

the center of the traveled way in Park avenue between the snowbanks.

The trial justice then proceeded to make his decision on the apparent basis that his finding that the rear of the plaintiff's truck was about five inches to the left of the center line of the traveled portion of Park avenue at the time of the accident forced said justice to hold that the plaintiff was guilty, as a matter of law, of negligence which contributed to, and was the proximate cause of, the accident in question, thereby defeating any right of recovery by said plaintiff. In so deciding it would appear that he relied on the case of *Angell* v. *Lewis*, 20 R. I. 391.

In that case the evidence showed that the plaintiff's wife, in the early evening, was driving a horse and buggy on her right side of a highway, and was in the act of passing two other vehicles proceeding in the direction opposite to hers, when the defendant, who was also driving in said opposite direction, suddenly pulled his team to his left from behind the two vehicles and collided with the plaintiff's horse and buggy. In its decision the court used the following language at page 393: ". . . and if a collision takes place in such circumstances, the presumption is against the party who is on the wrong side. And this is especially true where the collision takes place in the dark." This, however, clearly does not amount to a holding that a person on the wrong side of a road is, from that fact alone, guilty of negligence as a matter of law if an accident takes place.

Soon after the *Angell* case was decided, this court twice had occasion to cite it in cases involving the "law of the road", so-called, where the contention was being made that one of the parties was on the wrong side of the road: *Winter* v. *Harris*, 23 R. I. 47; *Pick* v. *Thurston*, 25 R. I. 36. In those cases the law as set out in *Angell* v.

*Lewis, supra,* was apparently applied as holding that one on the wrong side of a road at the time of an accident was not necessarily guilty of negligence as a matter of law, but as permitting such a person to give, if he desired, a reason or excuse for his position on the road, as bearing upon the question of whether or not he was, as a matter of fact, negligent.

Finally in *Ribas* v. *Revere Rubber Co.,* 37 R. I. 189, in which case the question was raised as to whether or not the defendant's truck was traveling on the left side of a street at the time of the accident involved therein, the court, in discussing the case of *Angell* v. *Lewis, supra,* held that the opinion in that case must be limited by the facts appearing therein. Further, in finding erroneous a portion of the charge, apparently based by the trial justice on the *Angell* case, the court in the *Ribas* case held, at page 209: "We think that the jury, from that portion of the charge relating to the law of the road, would naturally understand that the presence of the defendant's truck upon the left side of the road was negligence in itself and that the defendant was, therefore, responsible for the results of the collision, whereas, on the contrary, the jury should have been instructed that the defendant had a right to pass to the left of the team in front of him and would not be responsible for the collision if, in doing so, he acted with such care as the time, place and circumstances demanded of him or, in other words, if in his attempt to pass by he exercised due care."

The above cases, considered together, make it clear to us that the fact that a person is traveling on the wrong side of a highway does not in and of itself cause him to be guilty of negligence as a matter of law. In our opinion, the fact that he is in such a position is only one of the material facts and circumstances to be considered, together with all other pertinent facts and circumstances appearing in evidence,

in order to determine whether or not such person is guilty of negligence which so contributed to the injury complained of that he is barred from any recovery.

In considering the decision of the trial justice in the instant case, we are of the opinion that he held the plaintiff guilty of contributory negligence as a matter of law from the mere fact, as found by such trial justice, that a portion of the plaintiff's truck was on the wrong side of the highway at the time of the accident in question. This was error.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*William S. Flynn,* for plaintiff.

*Frederick A. Jones,* for defendant.